78 F.3d 603
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Rodolfo R. RICKETTS, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 95-3495.
 United States Court of Appeals, Federal Circuit.
 Feb. 6, 1996.
 
 Before MAYER, PLAGER, and SCHALL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Rodolfo R. Ricketts petitions for review of an initial decision of the Merit Systems Protection Board, No. NY0752940476-I-1 (Sept. 28, 1994), entering his settlement agreement with the United States Postal Service into the record and dismissing Ricketts's appeal of his removal from the position of Chauffeur Carrier with the Brooklyn Post Office. This decision became final on March 23, 1995, when the full board denied his petition for review. We affirm.
 
 
 2
 We review the board's decisions under a narrow standard. We must affirm a decision of the board unless it is demonstrated to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994).
 
 
 3
 Ricketts argues that the board erred when it accepted the settlement agreement, because the Postal Service did not offer him a last chance agreement before removing him, in violation of the Rehabilitation Act of 1973. See 29 U.S.C. § 794 (1994). We disagree. Ricketts was dismissed because of affirmative misconduct, not "solely by reason of [a] disability." Id. Nor do we agree with Ricketts that the settlement agreement is invalid because he was having financial difficulties and "confronting his alcoholism" at the time he signed the agreement. Ricketts and the Postal Service jointly submitted the settlement agreement for inclusion in the record, and the administrative judge who accepted the agreement found that it was freely entered into, lawful on its face, and that the parties fully understood its terms. The administrative judge therefore dismissed the appeal as requested by both parties. Moreover, Ricketts, while represented by counsel, signed the settlement agreement stating that he was "mentally and physically fit so as to be able to understand this Agreement without reservation, duress, or coercion on the part of anyone." The agreement allowed him to resign with an unblemished record. Ricketts has not demonstrated that his decision to enter into this agreement was involuntary or that he was incompetent at the time he signed it. "The fact that an employee is faced with an inherently unpleasant situation ... does not make an employee's decision less voluntary." Covington v. Department of Health & Human Servs., 750 F.2d 937, 942 (Fed.Cir.1984). Ricketts has demonstrated no reversible error in the board's decision.