NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RODOLFO R. RICKETTS,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2012-3109

---

Petition for review of the Merit Systems Protection Board in case no. NY0752110301-I-1.

---

Decided: December 10, 2012

---

RODOLFO R. RICKETTS, of Riverview, Florida, pro se.

SARA B. REARDEN, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before NEWMAN, LOURIE, and O'MALLEY, *Circuit Judges*.

PER CURIAM.

This appeal concerns Petitioner Rodolfo R. Ricketts' ("Mr. Ricketts") removal from employment with the United States Postal Service ("USPS") over eighteen years ago. In 2011, Mr. Ricketts filed a request to reopen his July 14, 1994 appeal challenging USPS's removal decision. The Merit Systems Protection Board ("Board") denied the request and Mr. Ricketts appeals. Because the Board's refusal to reopen the 1994 appeal was well within its discretion, we *affirm*.

## BACKGROUND

On June 8, 1994, Mr. Ricketts was removed from the position of Chauffeur Carrier in the Flatbush Station of the Brooklyn Post Office. Mr. Ricketts filed an appeal challenging his removal on July 14, 1994, which the Board dismissed on September 28, 1994 pursuant to a settlement agreement between Mr. Ricketts and USPS. Despite the settlement, Mr. Ricketts petitioned for review of the September 28, 1994 dismissal. The Board denied the petition on March 23, 1995 and this court affirmed in a per curiam opinion of February 6, 1996. We found the Board's decision to accept the settlement agreement proper. USPS had not violated the Rehabilitation Act of 1973 during the removal process since Mr. Ricketts "was dismissed because of affirmative misconduct," not a disability. *Ricketts v. USPS*, No. 95-3495, slip op. at 2 (Fed. Cir. Feb. 6, 1996). Nor was the settlement agreement invalid because of Mr. Ricketts' financial difficulties or alcoholism; "the administrative judge who accepted the agreement found that it was freely entered into, lawful on its face, and that the parties fully understood its terms." *Id.*

Fifteen years later, on July 26, 2011, Mr. Ricketts filed the present appeal of the 1994 removal with the Board's New York office. Mr. Ricketts alleges that a document underlying his removal was forged, thus tainting the settlement. In essence, Mr. Ricketts requests that his 1994 appeal be reopened based on this supposed newly-discovered fact. Given the amount of time that had elapsed since the Board's final decision in 1995, the administrative judge presiding over the 2011 appeal ordered Mr. Ricketts to adduce evidence or argument showing good cause for the delay in filing his current appeal. In response, Mr. Ricketts filed an affidavit asserting that he is a veteran suffering from post traumatic stress disorder and sleep apnea, and that, "at all times relevant hereto," he took prescription medication which "greatly interfered with [his] ability to think." Ricketts Aff., Aug. 10, 2011 ¶¶ 3-6. Mr. Ricketts also asserts that he first discovered the allegedly forged document in 2007 and that he quickly filed a pro se lawsuit in the Eastern District of New York on October 23, 2007 challenging the settlement upon that discovery. *Id.* at ¶ 15. That lawsuit was dismissed for lack of jurisdiction. *Id.* at ¶ 16. Mr. Ricketts also claims that on June 30, 2011, he saw his doctor who took him off all his medication and "[i]mmediately thereafter [he] realized that [he] needed a lawyer to handle [his] case." *Id.* at ¶¶ 18-19.

The administrative judge dismissed Mr. Ricketts' 2011 appeal on September 28, 2011 for lack of jurisdiction on grounds that, once a Board decision becomes final, only the full Board has the authority to reopen an appeal. On March 8, 2012, the Board affirmed the dismissal, agreeing that the administrative judge lacked jurisdiction to reopen the appeal. The Board then treated the 2011 appeal as a request to the full Board to reopen the 1994 appeal, which the Board denied. The Board found that

"[a]lthough the appellant contends that he was mentally incapable of filing anything with the Board during [the sixteen-year] period, he has not submitted any medical evidence to support his claim" and he acknowledges the 2007 lawsuit he filed in the district court, which "belies his claim that he was unable to file with the Board." *Ricketts v. USPS*, Docket No. NY-0752-11-0301-I-1, 4 (M.S.P.B. March 8, 2012).

On appeal, Mr. Ricketts argues that the Board failed to consider the effects of his prescription medication which "interfered with filing a timely and substantive claim until [he] was off the medications," and he requests a remand to the Board for further proceedings. Pet'r's Br. 1-2. USPS responds that "the record supports the Board's decision dismissing this case for lack of jurisdiction and denying the request to reopen." Resp.'s Br. 8.

STANDARD OF REVIEW

Under 5 U.S.C. § 7703(c), the court "shall review the record and hold unlawful and set aside any agency action, findings, or conclusions found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." The Board "enjoys broad discretion in deciding whether to reopen particular appeals," and "a party has a 'heavy burden' in attempting to demonstrate that the full Board erred in exercising its discretion not to reopen." *Zamot v. M.S.P.B.*, 332 F.3d 1374, 1378 (Fed. Cir. 2003) (quoting *Azarkhish v. Office of Pers. Mgmt.*, 915 F.2d 675, 679 (Fed. Cir. 1990)). The Board reopens appeals only in unusual or extraordinary circumstances and the authority to reopen "'is limited by the requirement that such authority be exercised within a reasonably short period of time,' usually measured in

weeks, not years." *Miller v. Dep't of the Army*, 113 M.S.P.R. 572, ¶ 10 (2010) (quoting *Dean v. U.S. Postal Serv.*, 101 M.S.P.R. 356 ¶ 13 (2006)).

## DISCUSSION

The Board's refusal to reopen Mr. Rickett's 1994 appeal was not arbitrary, capricious, an abuse of discretion, or unsupported by substantial evidence, and it accords with governing law. Sixteen years passed between the Board's final decision dismissing the 1994 appeal pursuant to the settlement agreement between Mr. Ricketts and USPS and the motion to reopen. Even if Mr. Ricketts first discovered an allegedly fraudulent document in late 2007,[1] five years elapsed before he sought to revive his appeal. Although Mr. Ricketts argues that his prescription medications prevented him from filing in a timely manner, as the Board noted below, his claim is unsupported by medical evidence. The fact that Mr. Ricketts filed a lawsuit challenging the settlement in 2007 indicates, moreover, that his claim of incapacity is overstated.

---

[1] The purportedly fraudulent document does not appear in the record. It appears that Mr. Ricketts alleges a report by the Employee Assistance Program was "forged by Carlos E. Beckford, who was the same individual who proposed [Mr. Ricketts'] removal." Ricketts Aff., Aug. 10, 2011 ¶ 13. Mr. Ricketts claims that a handwriting analysis proves Mr. Beckford prepared the document. *Id.* On this basis, Mr. Ricketts alleges that USPS misrepresented that the document was submitted by the Employee Assistance Program, when in fact it was forged by the manager who sent Mr. Ricketts to the Employee Assistance Program for treatment as an alcoholic. Beyond this affidavit, no record evidence specifies who Mr. Beckford is, whether he actually prepared the document at issue, and whether or not he had the authority to do so. It is also unclear how, assuming that Mr. Beckford prepared it, the document adversely affected Mr. Ricketts' claim before the Board in a manner that would justify reversal.

Under these circumstances, it was well within the Board's discretion to decline to reopen Mr. Ricketts' appeal. Mr. Ricketts has failed to show that the Board's decision was arbitrary, capricious, an abuse of discretion, not in accordance with law, or unsupported by substantial evidence.

## CONCLUSION

We have considered Mr. Ricketts' arguments and find them unpersuasive. The Board's decision is *affirmed*.

## AFFIRMED

## COSTS

Each party shall bear its own costs.